J-S90020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUSAYYEB HUNT | |
| Appellant | No. 2760 EDA 2015 |

Appeal from the PCRA Order Dated August 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0028529-2012
MC-51-CR-0028530-2012

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:　　　　　　**FILED DECEMBER 30, 2016**

Appellant, Musayyeb Hunt, appeals from the order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel also filed a petition to withdraw pursuant to **Turner**/**Finley**.[1] We affirm and grant counsel's petition to withdraw.

On February 8, 2013, Appellant pleaded guilty to two counts of theft by unlawful taking[2] and was sentenced to an aggregate sentence of three years' probation. On August 22, 2013, Appellant filed a *pro se* PCRA petition, which he amended *pro se* on March 21, 2014.

_____

[1] **Commonwealth v. [Geary] Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] 18 Pa.C.S. § 3921(a).

On April 9, 2014, Attorney Tingle entered his appearance for Appellant, and on July 28, 2014, Attorney Tingle filed a petition to withdraw pursuant to **Turner**/**Finley**. On December 18, 2014, after providing notice pursuant to Pa.R.Crim.P. 907, the PCRA court granted Attorney Tingle's petition to withdraw and appointed Attorney Mosser to represent Appellant.

On January 14, 2015, Appellant filed a "Motion for Waiver of Counsel," requesting that he be permitted to proceed *pro se* for his PCRA petition; no action was taken on this motion. On March 17, 2015, Attorney Mosser filed an amended PCRA petition. On July 16, 2015, he filed a corrected amended PCRA petition, alleging that Appellant timely requested trial counsel to file a direct appeal but counsel failed to do so. The petition thus asked the PCRA court to reinstate Appellant's direct appeal rights *nunc pro tunc*. The PCRA court denied Appellant's PCRA petition on August 12, 2015. Appellant timely appealed on September 11, 2015, and complied with Pa.R.A.P. 1925(b).

Appellant's sentence ended on February 8, 2016.[3] The PCRA court's Rule 1925(a) decision reasoned that Appellant was not entitled to relief because Appellant was no longer serving his sentence of probation. PCRA Ct. Op., 5/20/16, at 2. On May 24, 2016, Appellant's certified record was transmitted to this Court. On September 15, 2016, Attorney Mosser also

_____

[3] This date is three years after February 8, 2013, with no applicable credit for time served; Appellant is therefore not "currently serving a sentence." **See** 42 Pa.C.S. § 9543(a)(1)(i).

filed a **Turner**/**Finley** letter and brief with this Court, along with a motion to withdraw as counsel. He averred that Appellant's appeal is moot because his sentence expired. Appellant did not file a *pro se* or counseled response to the **Turner**/**Finley** letter.

The **Turner**/**Finley** brief did not include a statement of questions involved on appeal. **See** Pa.R.A.P. 2116(a) (requiring brief to "state concisely the issues to be resolved" and adding, "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Nevertheless, we discern Appellant is asserting that the PCRA court erred by refusing to reinstate his direct appeal rights *nunc pro tunc*, because, allegedly, he repeatedly and timely requested that his trial counsel file a direct appeal. **See** Appellant's Rule 1925 Statement of Matters Complained of on Appeal; **Finley** Letter, 9/15/16, at 1-3. Counsel, however, explains that this issue lacks merit because Appellant's sentence has expired, rendering this appeal moot. **Finley** Letter, 9/15/16, at 8-9. Additionally, Attorney Mosser asserts that there are no other issues of arguable merit. **Id.**

Our standard of review of a PCRA court's denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before we review Appellant's claim, however, we must ascertain whether counsel satisfied the

requirements to withdraw. *Commonwealth v. Freeland*, 106 A.3d 768, 774-75 (Pa. Super. 2014). The Court in *Freeland* explained:

> The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v.*] *Pitts*[, 603 Pa. 1, 3 n.1, 981 A.2d 875, 876 n.1 (2009)].
>
> In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006) *abrogated in part by Pitts*, *supra,* this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend,* counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts*, *supra* at 881 (Castille, C.J., concurring).
>
> After the decision in *Pitts*, this Court held in *Commonwealth v. Widgins*, 29 A.3d 816 (Pa. Super. 2011), that the additional procedural requirements of *Friend* were still applicable during collateral review.

*Id.*

Here, we conclude that counsel's *Turner*/*Finley* no-merit letter complies with all of these requirements. *See Freeland*, 106 A.3d at 774-75. Accordingly, we conduct our own independent evaluation of the record

- 4 -

to ascertain whether we agree with counsel that Appellant is not entitled to relief. *See id.*

Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> **(a) General rule.—*To be eligible for relief*** under this subchapter, the petitioner ***must plead and prove*** by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) ***currently serving a sentence of imprisonment, probation or parole*** for the crime . . . .

42 Pa.C.S. § 9543(a) (emphasis added).

In our recent opinion, ***Commonwealth v. Plunkett***, ___ A.3d ___, 2016 WL 7030486 (Pa. Super., Dec. 2, 2016), we noted the following:

> The general proposition that a petitioner must be currently serving the sentence for the crime has been applied in numerous PCRA cases. ***See Commonwealth v. [Emma] Turner***, 80 A.3d 754 (Pa. 2013); ***Commonwealth v. Stultz***, 114 A.3d 865 (Pa. Super. 2015); ***Commonwealth v. Williams***, 977 A.2d 1174 (Pa. Super. 2009); ***Commonwealth v. Pagan***, 864 A.2d 1231 (Pa. Super. 2004); and ***Commonwealth v. Hayes***, 596 A.2d 195 (Pa. Super. 1991) (*en banc*). All of these cases differ from the instant case in that . . . the petitioner had served the sentence prior to any PCRA hearing or order disposing of the PCRA petition. Here, Plunkett completed his sentence after the PCRA hearing and order denying him relief, as well as after filing his notice of appeal, but prior to the transmittal of the certified record to this Court. Our review of case law leads us to conclude this difference does not negate the applicability of the statutory language of Section 9543(a)(1)(i) to this case. . . . Because Plunkett's sentence has expired, he is no longer entitled to PCRA relief. Accordingly, we affirm the PCRA court's order.

*Id.* at *2 (affirming denial of PCRA relief because the defendant completed his sentence during the pendency of his appeal from the order denying his PCRA petition).

Similar to the defendant in **Plunkett**, Appellant completed his sentence after the PCRA hearing and order denying him relief, as well as after filing his notice of appeal, but prior to the transmittal of the certified record to this Court. The statutory language of Section 9543(a)(1)(i) thus applies to this case. **See Plunkett**, 2016 WL 7030486, at *2. Because Appellant's sentence expired during the pendency of his appeal, he is not entitled to relief pursuant to the PCRA. 42 Pa.C.S. § 9543(a)(1)(i); **Plunkett**, 2016 WL 7030486, at *2. Hence, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Petition to withdraw granted. Order affirmed.

Judge Ott joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016

- 6 -